CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 30 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 5:02cr30020-4 |
| | ) | |
| v. | ) | <u>2255 MEMORANDUM OPINION</u> |
| | ) | |
| HOWARD J. BEARD. | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |

Howard J. Beard, a federal inmate proceeding <u>pro se</u>, filed this 28 U.S.C. § 2255 motion challenging his conviction and sentence of 213 months for conspiring to distribute cocaine base and two counts of distributing cocaine base. Beard alleges trial court error, prosecutorial misconduct, and several grounds of ineffective assistance of counsel. This matter is before the court on respondent's motion to dismiss. The court finds that Beard's claims of ineffective assistance of counsel have no merit and his claims of court error and prosecutorial misconduct are procedurally defaulted. Therefore, the court grants respondent's motion to dismiss.

I.

On July 10, 2002, a grand jury in the Western District of Virginia returned a 73-count indictment naming Beard and 25 other co-defendants. Beard was charged in four counts of the indictment, including conspiring to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 846 (Count One); possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count Fourteen); and two counts of distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Counts Fifteen and Sixteen). After pleading not guilty to all counts at his arraignment, the court appointed counsel to represent him and set the matter for a jury trial. During trial, at the close of the United States' presentation of evidence, the court granted

Beard's motion for judgment of acquittal as to the firearm charge, but denied it concerning the three remaining counts. At the conclusion of his four-day trial, the jury found Beard guilty of the three remaining counts. The court accepted the jury's verdict and ordered a Pre-sentence Investigation Report ("PSR").

The PSR initially determined Beard's total offense level to be 43, after attributing 1.5 kilograms of cocaine base to Beard, which resulted in a base offense level of 38, and then enhancing him by three points for his leadership role in the conspiracy and two points for possession of a firearm during the drug transactions. Combining his total offense level of 43 with his criminal history category of I, the PSR calculated Beard's guideline range of imprisonment to be a term of life. Beard filed objections to the PSR regarding the drug weight, firearm, and role adjustments, the report's alleged reliance on hearsay evidence, and his mitigating role, and he revised an Eighth Amendment objection as to the life-sentence guideline. After reviewing his objections, the probation officer agreed with Beard's argument that there was no clear connection between the firearms and the drug transactions and subsequently, changed the PSR to reflect no firearm enhancement. The probation officer disagreed with Beard's remaining objections and did not make any changes to the PSR regarding those objections. With the firearm enhancement removed from Beard's guideline calculation, the PSR determined his new total offense level to be 41.

At sentencing, the court sustained Beard's objection as to the drug weight and reduced the drug weight attributable in the PSR to hold Beard accountable for more than 500 grams, but less than 1.5 kilograms of cocaine base. The court overruled all of Beard's remaining objections. Based on the court's finding as to the drug weight, Beard's recalculated total offense level was 39, and when combined with his criminal history category of I, resulted in a guideline range of imprisonment of

262 to 327 months. The court then sentenced Beard to 324 months as to each of Counts One, Fifteen, and Sixteen, with each term to be served concurrently with the others.

At the close of Beard's sentencing hearing, Beard raised concerns regarding his counsel's performance and based on his complaints, trial counsel requested to be relieved as counsel from the case. The court granted counsel's request and appointed new counsel to represent Beard on appeal. Beard filed an appeal with the United States Court of Appeals for the Fourth Circuit, which affirmed Beard's conviction but vacated and remanded his sentence in light of United States v. Booker, 543 U.S. 220 (2005), and United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). Upon re-sentencing, the court imposed a sentence of 265 months as to each count, with all terms to be served concurrently. Beard appealed again, and the Fourth Circuit affirmed his sentence on July 12, 2007. The Supreme Court of the United States denied his petition for writ of certiorari on January 14, 2008.

On April 24, 2008, on its own motion and pursuant to 28 U.S.C. § 3582(c)(2), the court reduced Beard's sentence to 213 months as to each count, with each term to be served concurrently, based on Amendment 706 (the crack amendment) of the United States Sentencing Guidelines. The term of 213 months is within his amended guideline range of 210 to 262 months based on his amended total offense level of 37 and criminal history category of I.

On December 31, 2008, Beard filed this § 2255 motion raising several claims of ineffective assistance of counsel, one claim of court error, and one claim of prosecutorial misconduct.

## II.

Beard claims that his counsel provided ineffective assistance on several grounds. However, the court finds that none of his claims meet both the performance and prejudice prongs of Strickland v. Washington, 466 U.S. 668, 669 (1984), and therefore, the court dismisses them.

In order to establish an ineffective assistance claim, Beard must show that his counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by counsel's alleged deficient performance. Strickland, 466 U.S. at 669; see also Williams v. Taylor, 529 U.S. 362 (2000). Courts apply a strong presumption that counsel's performance was within the range of reasonable professional assistance. Strickland, 466 U.S. at 689; see also Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983); Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977). In addition to proving deficient performance, a petitioner asserting ineffective assistance of counsel must prove that he suffered prejudice as a result of his counsel's deficient performance. That is, petitioner must show there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694. The petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins, 724 F.2d at 1430-31). If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290 (citing Strickland, 466 U.S. at 697). A court's evaluation of counsel's performance under this standard must be "highly deferential," so as not to "second-guess" the performance. Strickland, 466 U.S. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (internal quotation marks and citation omitted); see also Bowie v. Branker, 512 F.3d 112, 119 n. 8 (4th Cir. 2008); Fields, 956 F.2d at 1297-99; Roach v. Martin, 757 F.2d 1463, 1467 (4th Cir. 1985). In this case, Beard has not demonstrated ineffective assistance of counsel.

## A.

Beard alleges that trial counsel was ineffective in failing to "challenge the conspiracy charge." In support of his claim, Beard alleges that the government's evidence did not show that he was part of a conspiracy, but rather only demonstrated a buyer-seller relationship. The court finds that Beard has not shown that counsel's performance was deficient or that he suffered prejudice as a result of counsel's allegedly deficient performance, and therefore, dismisses his claim.

Although Beard alleges that counsel failed to challenge the sufficiency of the evidence supporting the conspiracy charge, he is wrong. Trial counsel did in fact challenge it. After the government's close of evidence at trial, counsel moved for a judgment of acquittal, arguing that the government's evidence only demonstrated that Beard was acting on behalf of himself and not in agreement with the other defendants charged in the conspiracy. The court denied counsel's motion as to the conspiracy charge. On direct appeal, Beard again challenged the sufficiency of the evidence to support the finding of a conspiracy. He argued that there was no evidence that he directly knew certain other co-conspirators and that the government did not prove an overarching agreement among the co-conspirators. The Fourth Circuit rejected his arguments, finding that several witnesses tied the co-conspirators together in their venture to distribute narcotics and that when viewing the evidence in the light most favorable to the government, each co-conspirator "acted as part of the same conspiracy with its goal being the distribution of narcotics to users in the Front Royal [, Virginia] area." Accordingly, the court finds that Beard has not demonstrated that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's failure to further "challenge the conspiracy charge," he would have been found not guilty of the conspiracy. Accordingly, the court dismisses his claim.

**B.**

Beard also claims that his counsel was ineffective in failing to request an evidentiary hearing to determine Beard's role in the conspiracy and to "establish" his drug addiction to refute his managerial role in the offense. In support of his claim, Beard alleges that counsel should have requested an evidentiary hearing in order to demonstrate that "Beard was independently involved with the conspiracy and not [involved in] a chain conspiracy" and should have objected to Beard's enhancement for his leadership role "on the basis that drug addicts frequently 'direct' one another without assuming such [leadership] roles." The court finds that Beard has demonstrated neither the requisite deficient performance nor resulting prejudice, and therefore, dismisses his claims.

First, no evidentiary hearing was necessary for the court to assess Beard's leadership role in the conspiracy. The court sat through the entire trial and listened to all evidence presented, including that which pertained to his role in the offense. Beard has not alleged anything that could have been raised in an evidentiary hearing that would have contradicted the evidence presented at trial. Accordingly, the court finds that Beard has demonstrated neither deficient performance nor resulting prejudice in counsel's failure to request an evidentiary hearing to determine Beard's role in the conspiracy.

Further, although Beard claims that counsel should have challenged his role enhancement on the basis of him being a drug addict, his drug addiction does not diminish his role in the conspiracy. Rather, when determining whether to apply a role enhancement, the court considers the number of participants involved in the scheme and whether the defendant has exercised the requisite control over others. U.S.S.G. § 3B1.1. Relevant factors include the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of

accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others. Id. at cmt. n. 4.

Court records indicate that both trial and appellate counsel did challenge the sufficiency of the evidence to support the leadership role attributed to Beard. Trial counsel objected to the PSR's enhancement for Beard's leadership role, arguing that no facts were cited in the report and that there was no evidence presented at trial to support the conclusion that Beard was a manager or supervisor. At sentencing, counsel argued that Beard did "not meet the standard, or the test, for being a manager/supervisor " and that there was no testimony in the case to indicate that Beard exercised "day-to-day managerial or supervisory roles" over anyone in the conspiracy. The court overruled counsel's objection to the PSR, finding that the evidence at trial clearly demonstrated that Beard exercised a managerial role in the conspiracy. On appeal, counsel argued that the role enhancement was improper because Beard was merely a street-level dealer, did not have control over the actions of others, did not recruit others into the conspiracy, and did not plan or organize any conspiracy activities. The Fourth Circuit rejected this argument and found that the activities in which Beard engaged met the requirements of a manager or supervisor of a conspiracy under U.S.S.G. § 3B1.1(b), given that he managed or supervised at least five co-conspirators, directed others to put their names on his cell phone account and automobile title and directed others to cash checks for him.

Counsel is afforded wide latitude in making tactical decisions. Strickland, 466 U.S. at 689. Further, counsel is not ineffective for failing to raise a legally frivolous argument. See Clanton v. Bair, 826 F.2d 1354, 1359 (4th Cir. 1987). See Clanton v. Bair, 826 F.2d 1354, 1359 (4th Cir. 1987). There is no legal authority that suggests that a drug addict is incapable of holding managerial or

supervisory position in a drug conspiracy as Beard suggests. Accordingly, the court finds that Beard has failed to demonstrate deficient performance by counsel, and therefore, dismisses his claim.

### C.

Beard argues that counsel was ineffective in failing to argue that the government's evidence did not support the court's findings regarding the drug weight attributed to Beard and for "not producing . . . evidence that Beard was only responsible for less than 500 grams of crack . . . ." The court finds that Beard has not demonstrated that counsel's performance was deficient and, therefore, dismisses the claims.

Despite Beard's allegations, court records indicate that counsel did object to the drug weight attributed to Beard. In fact, based on counsel's objection to the PSR and a summary of drug quantities that she submitted as an exhibit at sentencing, the court reduced the drug weight attributable to Beard from "at least 1.5 kilograms" to "500 grams or more" of cocaine base. In sustaining counsel's objection to the PSR at sentencing, the court noted:

> I reviewed [counsel's] records that she brought before me concerning the quantity of drugs in this case, and they were very well-prepared, and exceptionally well-prepared beyond that which the court normally sees at a sentencing, and, in fact, they were so precise that the court looked at them and in part relied on them for the sentence in terms of sustaining her objection to the presentence report insofar as it had attributed a higher quantity of drugs to [Beard]. Although the court was suspicious, the court found her presentation compelling in terms of the way she had ordered it, and reviewed and thought it very competently prepared.

At sentencing, counsel also argued that "most of the quantity that is attributed to Mr. Beard comes from out-of-court statements . . . " and was based on contradictory and incredible testimony. Considering all the evidence before the court, the court determined that Beard was responsible for 500 grams or more of cocaine base. Beard does not allege what other evidence he believes counsel

should have produced to demonstrate that Beard was responsible for less than 500 grams of cocaine base. Accordingly, the court finds the Beard has not demonstrated that counsel's performance was deficient in failing to object to the drug weight or produce evidence that he was responsible for less than 500 grams of cocaine base. Therefore, the court dismisses the claims.

### III.

Beard claims that the court erred in "failing to elicit objections from defendant or defense counsel after sentencing," in violation of the Eleventh Circuit's holding in United States v. Campbell, 473 F.3d 1345 (11th Cir. 2007),[1] and that the United States improperly used "someone else's drug weight" to indict Beard. The court finds that his claims are procedurally barred because he did not raise them on direct appeal and nothing excuses the default. Accordingly, the court dismisses these claims.

"[H]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998). Claims that could have been, but were not raised on direct appeal are procedurally defaulted unless the petitioner demonstrates both cause for the default and actual prejudice from the failure to review the claim,[2] Bousely, 523 U.S. at 622;

---

[1] In Campbell, the Eleventh Circuit held that its procedure announced in United States v. Jones, 899 F.2d 1097 (11th Cir. 1990) – that after imposing sentence, the district court should elicit fully-articulated objections to the court's findings of fact, conclusions of law, and the manner in which the sentence was imposed – also applies in the supervised release revocation proceedings context. However, the Eleventh Circuit's ruling in this case is not binding in this jurisdiction and the Fourth Circuit has not adopted the procedure announced in Jones or Campbell. See Tucker v. United States, 8:08-cv-70023, 2008 U.S. Dist. LEXIS 28520 (D.S.C. Apr. 8, 2008). Therefore, in addition to being procedurally defaulted, Beard's claim has no merit.

[2] To establish cause, Beard must point to some objective factor beyond the defendant's control that impeded or prevented him from presenting his claim. Coleman v. Thompson, 501 U.S. 722, 753 (1991). Objective factors that may constitute "cause" include: (1) interference by officials that makes compliance impracticable; (2) a showing that the factual or legal basis for a claim was not reasonably available; (3) novelty of the claim; and (4) constitutionally ineffective assistance of counsel. Wright v. Angelone, 151 F.3d 151, 160 n.5 (4th Cir. 1998) (quoting McCleskey v. Zant, 49 U.S. 467, 493-94 (1991)). To show prejudice, Beard must demonstrate "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial

United States v. Frady, 456 U.S. 152, 170 (1972); Wainwright v. Sykes, 433 U.S. 72, 84 (1977); United States v. Mikalajunas, 186 F.3d 490, 492-95 (4th Cir. 1999); United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), or demonstrates that he is actually innocent, Schlup v. Delo, 513 U.S. 298, 321 (1995); Mikalajunas, 186 F.3d at 493. Actual innocence means factual innocence, not merely the legal insufficiency of his conviction or sentence. Bousley, 523 U.S. at 623-24. "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." House v. Bell, 547 U.S. 518, 536-37 (2006) (internal quotation marks omitted).

Since Beard did not raise his court error and prosecutorial misconduct claims on direct appeal, they are procedurally defaulted unless he demonstrates cause and prejudice or actual innocence. Here, Beard does not allege any cause or prejudice to excuse his default. Nor does he allege that he is actually innocent of his convictions.[3] Accordingly, the court finds that Beard procedurally defaulted these claims and that he has alleged nothing to excuse his default. Therefore, the court dismisses his claims.

---

with error of constitutional dimensions." McCarver v. Lee, 221 F.3d 583, 892 (4th Cir. 2000) (quoting United States v. Frady, 456 U.S. 152, 170 (1972)).

[3] To the extent his challenge to the sufficiency of the evidence supporting his conspiracy conviction can be construed as a claim of actual innocence, it fails. Actual innocence means factual innocence, not merely legal insufficiency, and there is nothing that remotely suggests that Beard is actually innocent.

10

## IV.

For the reasons stated herein, the court grants the government's motion to dismiss.

**ENTER**: This October 30, 2009.

_____
United States District Judge